[No. A076339. First Dist., Div. Five. Mar. 17, 1998.]

COLLEEN SOLDATE, Plaintiff and Appellant, v.
FIDELITY NATIONAL FINANCIAL, INC., et al., Defendants and
Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rule 976.1, parts I, II.A, II.B, II.C, and II.E.2 are not certified for publication.

**COUNSEL**

Kinman & Curry, Barry Alan Kinman and Marilyn P. Curry for Plaintiff and Appellant.

Kenneth K. Kennedy and Kelly D. Feese for Defendants and Appellants.

**OPINION**

**JONES, J.**—Colleen Soldate brought this action against her former employer, Fidelity National Title Insurance Company (Fidelity National); Fidelity National's holding company, Fidelity National Financial, Inc.; and her former supervisor at Fidelity National, Keith Middlesworth (collectively defendants). Soldate principally alleged, under a variety of legal theories, that defendants had failed to pay her overtime wages because they had

incorrectly classified her position as "exempt" from overtime compensation. Soldate also alleged sexual harassment and defamation.

The case was tried to a jury. The jury found that Soldate was owed $12,000 in unpaid overtime wages. In all other respects, the jury ruled in favor of defendants. Subsequent to trial, the trial court issued an injunction requiring defendants to perform certain activities directed at ensuring proper classification of employees as "exempt" or "nonexempt."

All parties have filed notices of appeal. Defendants appeal the trial court's injunction. Soldate appeals numerous rulings made by the trial court during and after the trial. We reverse the trial court's order enjoining defendants and in all other respects, affirm the judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . .

## II. DISCUSSION

### A.-C.*

. . . . . . . . . . . . . . . . . . . . . .

### D. *This Court Cannot Review Soldate's Challenge to the Amount of Attorney Fees Awarded by the Trial Court*

On September 12, 1996, the trial court issued its judgment, which provided in part that Soldate recover from defendants "costs, attorneys' fees and disbursements" in an amount not yet determined. On December 2, 1996, Soldate filed a notice of cross-appeal "from the judgment entered on September 12, 1996, and certain other rulings and orders entered by this Court in the above-referenced action." On January 24, 1997, the trial court fixed the amount of fees and costs at $37,500, rather than the $226,000 requested by Soldate. Soldate did not file another notice of appeal challenging this ruling of the trial court.

■ In this appeal, Soldate argues that the trial court abused its discretion in determining the amount of Soldate's award of attorney fees. Defendants contend that this court lacks jurisdiction to consider Soldate's challenge to the amount of attorney fees because Soldate did not properly appeal from that decision. Soldate contends that her notice of appeal from the judgment is adequate to allow her to advance this issue on appeal.

---

*See footnote, *ante*, page 1069.

"Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." (*Polster, Inc.* v. *Swing* (1985) 164 Cal.App.3d 427, 436 [210 Cal.Rptr. 567].) Soldate filed a notice of appeal from the entry of judgment only, even though the trial court's order setting the amount of fees was a separately appealable order. (See *Grant* v. *List & Lathrop* (1992) 2 Cal.App.4th 993, 996 [3 Cal.Rptr.2d 654] (*Grant*); Code Civ. Proc., § 904.1, subd. (a)(2).) If an appeal is from the judgment, the general rule is that the appeal will review the correctness of a judgment at the time it is rendered and matters occurring later are irrelevant. (*Grant, supra,* at p. 998.) While it has been noted that this rule is not inflexible (*ibid.*), this case does not warrant departure from the rule.

The orders from which a party may appeal are limited in a number of ways. Most relevant to this case is the statute which limits appeals to aggrieved parties; in other words, a party cannot appeal a favorable ruling. (*Nevada County Office of Education* v. *Riles* (1983) 149 Cal.App.3d 767, 779 [197 Cal.Rptr. 152].) Where a ruling is partially, but not completely, favorable, the party may appeal from the unfavorable part of the judgment. (*Danielson* v. *Stokes* (1963) 214 Cal.App.2d 234, 237 [29 Cal.Rptr. 489].)

While Soldate was aggrieved with respect to certain aspects of the trial court's judgment, the trial court's decision to award attorney fees to Soldate, albeit in an unspecified sum, was a ruling *favorable* to Soldate. Accordingly, Soldate's notice of appeal from the judgment could not challenge this issue upon which Soldate had prevailed at trial. The fact that Soldate was aggrieved by a subsequent ruling of the trial court relating to the *amount* of attorney fees cannot transform Soldate's appeal from the judgment into something it could not initially be. Where, as here, a party files a notice of appeal from a favorable judgment, which also awards to that party attorney fees in an unspecified amount, a subsequent posttrial order setting the amount of fees—itself an appealable order—is not reviewable on appeal, unless the posttrial order setting the fees is expressly specified in a notice of appeal. (See, e.g., *Norman I. Krug Real Estate Investments, Inc.* v. *Praszker* (1990) 220 Cal.App.3d 35, 46-47 [269 Cal.Rptr. 228] [if a judgment or order is appealable, an aggrieved party must file a timely appeal or forever lose the opportunity to obtain appellate review]; *Fish* v. *Guevara* (1993) 12 Cal.App.4th 142, 147 [15 Cal.Rptr.2d 329] [concluding court has no jurisdiction to review ruling which was separately appealable absent a timely notice of appeal therefrom].)

Soldate claims that this conclusion is incorrect, relying upon *Grant.* In *Grant,* judgment was entered in favor of respondents. The judgment awarded costs and attorney fees to some respondents, but "[t]he amounts of the

various awards were left blank by the trial judge, presumably for later insertion by the clerk." (*Grant, supra,* 2 Cal.App.4th at p. 996.) Appellants filed a timely notice of appeal from the trial court's judgment. Approximately four months after entry of judgment, the trial court rendered its order setting the amount of fees awarded. "No separate appeal from this order was filed." (*Ibid.*)

The *Grant* court concluded that appellants' notice of appeal challenging the judgment was sufficient to permit appellants to challenge the trial court's award of attorney fees. The court reasoned that "*requiring* a separate appeal from [an order setting the amount of attorney fees and costs] when the judgment expressly makes an award of costs and/or fees serves no apparent purpose. The notice of appeal itself challenges the appropriateness of awarding fees and costs to respondents. Thus, appellate jurisdiction exists and respondents are on notice that appellants are seeking review of the award. Respondents have not been misled. [Citation.] [¶] Furthermore, since the judgment expressly provides for an award of fees and costs, the issue is not a collateral matter unrelated to the judgment's validity and finality. Determination of the amount in essence defines the scope of the judgment itself. Long before we were called upon to consider any issues raised on appeal, the award amounts became a part of the judgment. If we were to follow respondents' restrictive approach, we could review only part of the judgment from which the appeal was taken and in essence rule upon a judgment containing *blanks.* We see no policy reason favoring that approach and respondents have not cited any authority requiring us to follow it." (*Grant, supra,* 2 Cal.App.4th at p. 997, italics in original.)

This case is different from *Grant* in one critical way. The appellants in *Grant* were aggrieved by the trial court's judgment which indicated that costs and fees would be awarded to respondents. Because of this distinction, we do not share the *Grant* court's concern with the presence of a blank in the judgment awarding fees. In this case, the portion of the judgment containing the blank did not aggrieve Soldate at the time she filed her notice of appeal.

Furthermore, unlike the respondents in the *Grant* case, defendants here did not receive notice of Soldate's claim challenging the *amount* of fees actually awarded. In *Grant,* the court concluded that the respondents were on notice that appellants were challenging the *appropriateness* of awarding costs and attorney fees because appellants filed a notice of appeal challenging the trial court's judgment which granted an unspecified amount of costs and attorney fees. (See *Grant, supra,* 2 Cal.App.4th at p. 997.) In contrast, Soldate filed her notice of appeal before she had any grievance with the trial court's ruling regarding her request for attorney fees because at the time she filed her

notice of appeal, the court had acknowledged that it would grant attorney fees in an unspecified amount. Soldate's notice of appeal could not provide notice that Soldate had a grievance with the amount of the attorney fees later awarded to her by the court.

In sum, *Grant* is not on point. Soldate's notice of appeal specifying that she appeals "the judgment . . . and certain other rulings and orders . . . entered in the above-referenced action" is inadequate to challenge the trial court's later ruling regarding the amount of attorney fees.[1]

### E. *The Trial Court Properly Refused to Permit Soldate to Seek Unpaid Overtime Wages for Two Employees of Fidelity National, But Improperly Issued an Injunction*

Soldate and defendants appeal separate trial court rulings relating to the unfair competition law of Business and Professions Code[2] sections 17200-17208. On Soldate's part, she challenges the trial court's order that barred her efforts to seek unpaid overtime wages for two allegedly "similarly situated" employees of Fidelity National. On defendants' part, they challenge the injunction the trial court entered under section 17203.

#### 1. *Compliance With Section 17209 Is a Prerequisite to the Granting of Any Appellate Relief on These Issues*

Section 17209 provides: "If a violation of this chapter is alleged or the application or construction of this chapter is in issue in any proceeding in . . . a state court of appeal . . . the person who commenced that proceeding shall serve notice thereof, including a copy of the person's brief or petition and brief, on the Attorney General, directed to the attention of the Consumer Law Section, and on the district attorney of the county in which the lower court action or proceeding was originally filed. The notice, including the brief or petition and brief, shall be served within three days after the commencement of the appellate proceeding, provided that the time may be extended by the Chief Justice or presiding justice or judge for good cause shown. No judgment or relief, temporary or permanent, shall be granted until proof of service of this notice is filed with the court."

Defendants, who are the appellants in this action, and Soldate, who has filed a cross-appeal, call upon this court to apply or construe the unfair

---

[1]Even if we had jurisdiction, the amount awarded is reviewed for abuse of discretion. (*Melnyk* v. *Robledo* (1976) 64 Cal.App.3d 618, 623 [134 Cal.Rptr. 602].) Soldate sought over $60,000 in damages. The jury awarded Soldate $12,000 and found in favor of Soldate on only one of her four causes of action. The trial court awarded $37,500 in attorney fees, rather than the $226,000 that she sought.

[2]Unless otherwise indicated, all further statutory references are to the Business and Professions Code.

competition laws set forth at sections 17200 through 17209. Yet, neither party initially complied with the notice requirements of section 17209. Each party complied with section 17209 only after order of this court.

The Attorney General has responded to the notice that he received as a result of the order of this court. The Attorney General indicates that he does not wish to file a brief in this case. However, the Attorney General also expressed his understandable displeasure with receiving notice well beyond the "three days after commencement of the appellate proceeding" contemplated by the statute. As a result of this type of delay, the Attorney General has little time to evaluate the case and determine what, if any, involvement he would like to have in the appellate briefing.

We make note of these concerns and caution counsel in the future to comply with section 17209 in the time frame specified by the statute. Failure to comply with section 17209 will preclude appellate relief in the appropriate case. Because the Attorney General has indicated that he does not intend to file a brief in this case, we will consider the merits of the issues presented by the parties.

2.   *The Merits of the Section 17200 Issues*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

We reverse the trial court's grant of injunctive relief under Business and Professions Code section 17203, but in all other respects we affirm the judgment. Each party to bear its own costs on appeal.

Peterson, P. J., and Haning, J., concurred.

A petition for a rehearing was denied April 2, 1998, and the petition of appellant Colleen Soldate for review by the Supreme Court was denied July 8, 1998.

---

\*See footnote, *ante*, page 1069.