Filed 6/27/14  Munoz v. Homeward Residential CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ENRIQUETA M. MUNOZ, | |
| Plaintiff and Appellant, | E056612 |
| v. | (Super.Ct.No. RIC1113868) |
| HOMEWARD RESIDENTIAL INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Paulette Durand-Barkley, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Law Offices of Thomas Gillen, Thomas W. Gillen and Lenore L. Albert for Plaintiff and Appellant.

Wright Finlay & Zak, Jonathan D. Fink, Nicole M. Hoffman, and Marvin B. Adviento for Defendants and Respondents, Homeward Residential Inc. and Mortgage Electronic Registration Systems Inc.

1

Fidelity National Law Group and Carl Paganelli for Defendant and Respondent, Fidelity National Title Company.

## I

## INTRODUCTION[1]

Plaintiff Enriquetta M. Munoz lost her home through nonjudicial foreclosure in January 2011. In August 2011, she filed the original complaint against respondents.[2] The trial court sustained two demurrers by Homeward, MERS, and Fidelity and granted leave to amend. After Munoz filed a first amended complaint (FAC), defendants demurred again and the court sustained the demurrers without leave to amend. The court entered judgment in favor of Homeward and MERS on March 26, 2012, and in favor of Fidelity on May 2, 2012.

In the meantime, on March 15, 2012, the trial court denied Munoz's ex parte application to file a second amended complaint (SAC). Munoz then filed a motion entitled "correcting errors," which was denied at a hearing on May 31, 2012. The court's written order was filed on June 6, 2012. Munoz appeals from the postjudgment order of

---

[1] We grant the unopposed request for judicial notice filed February 22, 2013. (Cal. Rules of Court, rule 8.54(c).)

[2] Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc. (erroneously sued as American Home Mortgage) (Homeward); Mortgage Electronic Registration Systems, Inc. (MERS); and Fidelity National Title Company (Fidelity). Other defendants are not parties to this appeal.

June 6, 2012 (Code Civ. Proc., § 904.1, subd. (a)(2)),**3** not from the judgments entered on

March 26, 2012, and May 2, 2012, after the court sustained the demurrers to the FAC

without leave to amend.

This appeal is limited in scope to consideration of the propriety of the order on

June 6, 2012, and does not involve the correctness of the judgments entered on March 26,

2012, and May 2, 2012. We uphold the trial court's order denying Munoz's motion

"correcting errors" and affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

*A. The First Amended Complaint*

We summarize the facts based on the allegations of the FAC, which was filed after

defendants successfully demurred to the original complaint.

Munoz purchased a residence in Moreno Valley in May 2004.**4** Her original loan

was a conventional 30-year mortgage in the amount of $238,000. In 2006, Munoz

contacted a loan broker, Donald Totten, to obtain a $20,000 home equity loan to pay for

landscaping. Totten represented to Munoz that the value of her property was $550,000.

Accompanied by his "two burly assistants," Totten bullied Munoz into refinancing the

---

**3** All further statutory references are to the Code of Civil Procedure.

**4** 15685 Mesa Verde Drive, Moreno Valley, CA 92555.

3

property with an adjustable rate loan.  In November 2006, Munoz executed a note and deed of trust in the principal amount of $440,000.  In five years, her monthly payments were due to increase to $4,454.  Apparently the net amount generated by the refinance was about $200,000.

Munoz made the monthly payments in 2007, 2008, and 2009.  When she consulted with Homeward about a loan modification, she was advised to stop making payments and the loan became delinquent.

In January 2010, Homeward, MERS, and Fidelity Title initiated foreclosure proceedings by recording a notice of default against the property.  In April 2010, a notice of trustee's sale was recorded.  Munoz claims she was still negotiating with Homeward about a loan modification when the property was sold for $217,500 in January 2011 at a nonjudicial foreclosure sale.[5]

Based on the foregoing—and a recitation of the history of mortgage lending between 2001 and 2005—Munoz asserted claims for fraud, breach of the covenant of good faith and fair dealing, and violations of Business and Professions Code section 17200 et seq.

---

[5]  Munoz also sued the purchaser at the foreclosure sale who was dismissed without prejudice.

*B. The Demurrers*

In February 2012, defendants filed fresh demurrers to the FAC. Munoz did not respond to the demurrers. Instead, she filed an ex parte application for leave to file a SAC, which she argued addressed the issues raised in the demurrers. At the ex parte hearing on March 15, 2012, the court denied the application.

On the following day, March 16, 2012, at the hearing on the demurrers to the FAC, defendants argued that the proposed SAC demonstrated Munoz could not amend to state a viable cause of action. The court asked Munoz's lawyer to describe what facts could be pleaded by amendment. He indicated he could plead fraudulent misrepresentation made at the time of the refinancing in November 2006—a claim already asserted in the FAC—and that he needed more time to review the facts. Finding that the complaint could not be amended, the court sustained the demurrers without leave to amend. Judgment in favor of defendants was entered on March 26, 2012, and May 2, 2012.

*C. Munoz's Motion "Correcting Errors"*

On April 25, 2012, Munoz filed a "Motion Correcting Errors and to Vacate Related Orders; Plus Order Permitting Second Amended Complaint to be Filed," seeking leave to file a SAC. In her motion, Munoz relied variously on sections 472, 473, and 1008. Homeward and MERS—but not Fidelity—opposed the motion.

The court denied the motion on May 31, 2012. The court ruled that there was no right to file a second amended complaint in response to a pending demurrer to a first amended complaint. Munoz filed a notice of appeal, referencing only the June 6, 2012 order, denying the motion "correcting errors."

III

DENIAL OF MOTION "CORRECTING ERRORS"

Although the parties devote most of their appellate briefs to discussing whether the trial court properly sustained the demurrers to the FAC without leave to amend, the only issue we may consider on appeal involves the order of June 6, 2012: "Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from." (*Polster, Inc. v. Swing* (1985) 164 Cal.App.3d 427, 436; *Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073; *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504 [Fourth Dist., Div. Two].) The scope of this appeal is limited to reviewing the correctness of the order of June 6, 2012, and not the underlying judgments. We confine our discussion and analysis accordingly.

At the outset, we acknowledge and agree with Fidelity's argument that, if Munoz's appeal was taken from an order denying a motion for reconsideration (§ 1008), the order of June 6, 2012, would not be appealable and the appeal should be dismissed: "Although there is some inconsistent authority, 'the prevailing view among appellate courts is that a denial of a motion for reconsideration is never appealable under any circumstances.

6

[Citations.]' (*Association for Los Angeles Deputy Sheriffs v. County of Los Angeles* (2008) 166 Cal.App.4th 1625, 1633.) In *Reese v. Wal-Mart Stores, Inc.* (1999) 73 Cal.App.4th 1225, this court agreed with the prevailing view and held, 'The order [denying a motion for reconsideration] is not appealable. [Citations.]' (*Id.* at p. 1242.)" (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1050.) Munoz, however, does not rely upon section 1008 and does not argue the court erred in denying a motion for reconsideration. Instead, Munoz relies on section 472. Therefore, on appeal, we review whether the trial court abused its discretion in denying a postjudgment order involving leave to amend pursuant to section 472. (§ 904.1, subd. (a)(2); *Zipperer v. County of Santa Clara* (2005) 133 Cal.App.4th 1013, 1019-1020.)

Munoz's sole argument on appeal regarding the June 6, 2012 order is that she had an unfettered right under section 472 to file the SAC until 8:30 a.m., March 16, 2012, while the demurrers to the FAC were still pending. Section 472 provides: "Any pleading may be amended *once* by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon . . . . [Emphasis added.]" Munoz cites the Rutter Group Practice Guide: "Each party has the *right* to amend its pleadings *once*—without leave of court—within a brief time after its original pleading is filed. The purpose is to facilitate prompt correction of errors or deficiencies in the original pleading. [¶] . . . Plaintiffs can amend their complaint once 'of course' (without leave of court) before defendant's answer or

7

demurrer is filed. . . . [¶] Moreover, if defendant files a *demurrer*, plaintiff has a right to amend the complaint *up to the time of the hearing* on the demurrer. [CCP §472—'before the trial of the issue of law thereon'; see *Barton v. Khan* (2007) 157 CA4th 1216, 1221, . . .]" (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶¶ 6:602-6:603, pp. 6-154-6-155.)

Munoz is wrong on this point. Neither section 472 nor *Barton* addresses the ability to file an amended complaint a second time after a demurrer has been sustained and an amended complaint filed previously. In *Barton*, the plaintiff attempted to amend his original complaint before the hearing on the individual defendants' first demurrer, not after a demurrer had been heard and decided. Here, Munoz tried to file a SAC after the court had already heard and ruled on the demurrer to the original complaint and granted leave to amend. Instead, Munoz should have applied for leave to amend under "section 473, which vests in the trial court discretion to grant leave to amend." (*Barton v. Khan, supra,* 157 Cal.App.4th at p. 1220, quoting *Loser v. E. R. Bacon Co.* (1962) 201 Cal.App.2d 387, 389.)

As also noted in *Barton v. Khan, supra*, 157 Cal.App.4th at page 1221: "[T]he purpose of the statute permitting amendments as of right before an answer is filed or a demurrer is ruled upon is to promote judicial efficiency and reduce the costs of litigation. If a defect in a pleading can be cured before the defendant has answered or the court has heard a demurrer, both judicial resources and attorney time will be saved in the process.

8

[Any other interpretation of section 472] leads to unnecessary expenditure of judicial resources and increases the cost of litigation, and is therefore contrary to principles of sound judicial administration."

In our view, the statutory right to amend "once" as a matter of course, without leave of court, applies only to a party's original pleading (i.e., Munoz's original complaint). The right to file an amended pleading once without leave of court expires when the defendant answers a complaint or the court conducts a hearing on the demurrer to the original pleading. (*Tingley v. Times Mirror Co.* (1907) 151 Cal. 1, 10-11.) To conclude that the right to file an amended pleading without leave of court applies to an amended pleading that is filed after the court sustains a demurrer to the original pleading with leave to amend, as was the case here, requires that we conclude that the right to amend that expired upon the hearing of the first demurrer was revived by the filing of the amended pleading. Once the statutory right to amend the original pleading has expired, especially when the court has ruled on a demurrer to the pleading, all further requests to amend require leave of court. After the court decides whether the pleading may be amended, the right to amend once without leave of court is lost and all further requests to amend should be directed to the court.

Otherwise, if Munoz were allowed repeatedly and unreservedly to amend her complaint at any time—including in the last minutes before a hearing on demurrer—it would have the opposite effect of the intended purpose of the statute, entitling her to

9

delay resolution of the action ad infinitum by filing yet another amended pleading—even after defendants had demurred to the previous amended version. Such a rule would waste judicial resources and attorney time. The court granted Munoz a fair opportunity to correct the complaint's defects after the demurrer to the original complaint. Munoz had no right to file a SAC without leave of court. The trial court did not abuse its discretion in denying Munoz's motion "correcting errors."

IV

DISPOSITION

The request for sanctions on appeal—which is included in Homeward and MERS's respondent's brief—is denied because the request does not comply with rule 8.276 of the California Rules of Court: "Sanctions cannot be sought in the respondent's brief." (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919, citing *Leko v. Cornerstone Bldg. Inspection Service* (2001) 86 Cal.App.4th 1109, 1124.)

We affirm the judgment and order defendants as the prevailing parties to recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

10

                                                    CODRINGTON
                                                                    J.


We concur:


McKINSTER
              Acting P. J.


KING
                    J.