Filed 5/4/16  Hedman v. Nationstar Mortgage CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| KEITH OLIN HEDMAN et al., | C079416 |
| Plaintiffs and Appellants, | (Super. Ct. No. 39-2014-00307185-CU-OR-STK) |
| v. | |
| NATIONSTAR MORTGAGE, LLC et al., | |
| Defendants and Respondents. | |

Plaintiffs Keith and Adrialyn Hedman appeal from two awards of attorney fees after both defendants obtained judgments of dismissal following successful demurrers. One award was to defendant Nationstar Mortgage, LLC, Nationstar Mortgage, Jay Bray, and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively Nationstar), and the other to defendant CMG Mortgage, Inc. (CMG).  Although this appeal is from the awards of attorney fees, the Hedmans, in propria persona, challenge almost exclusively the propriety of the judgments of dismissal.

1

Because the Hedmans have failed to show an abuse of discretion in the awards of attorney fees, we affirm. We deny Nationstar's request for sanctions, but caution the Hedmans about their continuing practice of filing late, duplicative, and irrelevant motions.

## BACKGROUND

In 2004, the Hedmans took out a loan from CMG to purchase a house. The loan was secured by a deed of trust on the property. In 2013, MERS (as nominee of CMG) assigned the deed of trust to Nationstar. About the same time, the Hedmans defaulted on the loan. In July 2013, a notice of default and election to sell was filed, indicating the Hedmans owed $28,413.79. A trustee's sale was scheduled for November.

In February 2014, the Hedmans filed suit against Nationstar, CMG, and many others. The complaint alleged intentional misrepresentation, conspiracy, unfair business practices, and unlawful foreclosure.

Both Nationstar and CMG demurred and the trial court sustained both demurrers with leave to amend. After the Hedmans failed to amend the complaint within the time allowed, both Nationstar and CMG applied ex parte for a judgment of dismissal. On December 4, 2014, the trial court entered a judgment in favor of Nationstar and a judgment in favor of CMG.

On February 10, 2015, CMG moved for attorney fees pursuant to a provision in the deed of trust and noticed a hearing for March 10. It sought $21,385.50 in fees. Any opposition to this motion was due at least nine days before the hearing. (Code Civ. Proc., § 1005, subd. (b).) A week before the hearing, CMG filed a "notice of nonopposition" to the fee award. The day before the hearing, the Hedmans filed a "dispute and response," asserting the judgment of dismissal was void. The accompanying memorandum of points and authorities mostly argued the merits of the underlying lawsuit. It claimed the attorney fees were too high "Given their Lack of Knowledge of the subject matter."

2

On February 10, 2015, Nationstar moved for attorney fees, contending both the note and the deed of trust authorized attorney fees to the prevailing party. Nationstar sought $30,125 in fees and noticed a hearing for March 17. A week before the hearing, Nationstar requested the motion for fees be granted because the Hedmans had failed to file a timely opposition. Two days later, the Hedmans filed a "Dispute and Response" to Nationstar's motion for attorney fees. Most of this response alleged fraud relating to the loan and the foreclosure. It did claim the fees were not reasonable and opposing counsel was "non-responsive to the cla[i]ms, mostly because they don't understand the subject matter." Nationstar objected to this late opposition.

The trial court granted both motions for attorney fees, after hearing argument and considering written submissions. On March 25, 2015, the court entered an "*Amended, Nunc Pro Tunc,* Judgment of Dismissal with Prejudice" in favor of CMG. This judgment added the award of attorney fees and costs to the previous judgment. On April 7, 2015, the court entered an amended judgment in favor of Nationstar. This amended judgment added the award of attorney fees and costs to the previous judgment.

The Hedmans appealed from both of these judgments.[1]

Nationstar moved to dismiss the appeal on two grounds. First, it argued that the notice of appeal was too late to challenge the December 4, 2014 judgment, and the April 7, 2015 judgment only added the award of attorney fees and costs and did not restart the time for filing an appeal. Second, the Hedmans had failed to challenge the memorandum of costs and their opposition to attorney fees was late and failed to address any elements of the fee award, thus they were precluded from challenging either costs or attorney fees on appeal. This court granted the motion to dismiss "insofar as plaintiff purports to challenge the judgment entered on December 4, 2014."

---

[1] Only Keith Hedman signed the notice of appeal, but this court granted the petition to add Adrialyn Hedman as an appellant.

## DISCUSSION

### I

### *The Attorney Fee Awards*

This appeal is limited to the attorney fee and costs awards and does not encompass the judgments of dismissal after the sustaining of the demurrers. The notice of appeal states the appeal is from the amended judgments only. An appellate court's review is limited in scope to the judgment specified in the notice of appeal. (*Soldate v. Fidelity National Financial, Inc*. (1998) 62 Cal.App.4th 1069, 1073; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46-47.) "Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed." (*Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045.)

An appeal from the amended judgments does not include an appeal from the earlier judgments of dismissal. Only where an amended judgment amounts to a substantial modification of the judgment does the amended judgment supersede the original judgment for purposes of the time period for taking an appeal. (*Torres v. City of San Diego* (2007) 154 Cal.App.4th 214, 222.) "It is well settled, however, that '[w]here the judgment is modified merely to add costs, attorney fees and interest, the original judgment is not substantially changed and the time to appeal it is therefore not affected.' [Citations.] 'When a party wishes to challenge both a final judgment *and* a postjudgment costs/attorney fee order, the normal procedure is to file *two* separate appeals: one from the final judgment, and a second from the postjudgment order.' [Citation.]" (*Ibid*.)

In the argument portion of their opening brief, the Hedmans set forth five arguments; only one challenges the attorney fee awards and they do not challenge the awards of costs at all. Their challenge to the attorney fee awards is actually an attack on the original judgment because they contend the underlying loan documents are void due to fraud. They claim the attorney fee provision on which the awards were based was in

4

"a contract that never was consum[m]ated." They further argue they "were ordered to pay attorney fees out of a term and condition of a contract that was not in effect," that was "void, ab initio." They cite to authority for the first point, but provide only the case name and not the full citation, jurisdiction, or date.

"In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).) The court found Nationstar was the prevailing party and implicitly found CMG was the prevailing party by awarding attorney fees. The Hedmans do not--and could not credibly--challenge the finding as to the prevailing parties. Under Civil Code section 1717, subdivision (b)(1), "the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." Here, Nationstar and CMG recovered complete relief, a judgment in their favor. Nor do the Hedmans claim the contracts at issue, the note and deed of trust, do not contain an attorney fee provision, that the complaint was not "an action on the contract," or that attorney fees are otherwise unavailable. They do not challenge the amount of fees as excessive or otherwise unreasonable.

The Hedmans filed two response briefs, one responding to Nationstar and one responding to CMG. Each is a long, rambling brief, filled with assertions of a conspiracy and wide-ranging fraud, discussing the allegations of the complaint and contending the pleading of fraud was sufficient. To the extent the briefs raise the issue of the attorney fee award at all, it is only to claim the award was based on a void contract. As discussed, this claim challenges the original judgment and that judgment is not before us on this appeal.

"The trial court has broad discretion to determine the amount of a reasonable fee" authorized by contract.  (*EnPalm, LLC v. Teitler* (2008) 162 Cal.App.4th 770, 774.)  The Hedmans have failed to show the trial court abused its discretion in awarding attorney fees to Nationstar and CMG as prevailing parties in the action.  Because we affirm the trial court's awards on this basis, we need not address Nationstar's argument that the Hedmans failed to properly oppose the motion for attorney fees in the trial court, or the arguments of CMG that the Hedmans failed to provide an adequate record for review or submit admissible evidence to support their assertion that the deed of trust was fraudulent.

## II

### *Requests for Judicial Notice*

There are three outstanding requests for judicial notice.  We deny all of them as unnecessary or irrelevant.

Nationstar requests that we take judicial notice of (1) a judgment in federal court in *Keith 0. Hedman, et al. v. Aurora Loan Services, et al.*; (2) our opinion in the state court case *Keith 0. Hedman, et al. v. Aurora Loan Services, et al.;* and (3) the notice of appeal by Hedman in a related case pending before this court.  These documents are "offered to establish certain facts set forth in the Statement of Facts/Statement of the Case in Respondents' Brief that are relevant to understanding the underlying history of this matter and the proper scope of this appeal."  We deny this request as we find these documents are unnecessary to our understanding of the case or our resolution of this appeal.  (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

We have received two separate requests for judicial notice from the Hedmans.  Both request that we take judicial notice of (1) a letter indicating the Hedmans will accept service only by mail; (2) paperwork showing how Nationstar's counsel served papers on the Hedmans (by overnight courier); (3) the original note with three stampings on it; (4) a

6

UCC-1 filed by the Hedmans "to claim their birth certificate bonds;" and (5) a letter to Nationstar from Keith Hedman purporting to rescind the deed of trust due to fraud. The Hedmans claim this information is offered to establish certain facts and "[t]hese facts shed light on to the legitimacy and authenticity of the documents put forth by Respondents . . . ." We deny these requests on the grounds that these documents are irrelevant. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135, fn. 1 [material to be judicially noticed must be relevant].)

### III

### *Motion for Sanctions*

Nationstar requests sanctions against the Hedmans of $13,375. Nationstar contends the appeal was frivolous and in bad faith.[2]

Code of Civil Procedure section 907 and rule 8.276(a)(1) of the California Rules of Court authorize a Court of Appeal to impose sanctions for a frivolous appeal. "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment -- or when it indisputably has no merit -- when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 (*Flaherty*).)

In *Flaherty*, our Supreme Court stressed the difficulty in distinguishing frivolous and nonfrivolous appeals and cautioned that any definition of "frivolousness" must be applied "so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal. Counsel and their clients have a right to present issues that are arguably correct,

---

[2] After the time for requesting oral argument had lapsed, Nationstar moved to have the Hedmans declared vexatious litigants under Code of Civil Procedure section 391 and requested judicial notice of numerous documents. We deny the motion without prejudice to refiling it in the trial court and deny the request for judicial notice.

even if it is extremely unlikely that they will win on appeal.  An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions.  Counsel should not be deterred from filing such appeals out of a fear of reprisals." (*Flaherty, supra,* 31 Cal.3d at p. 650.)  Sanctions for frivolous appeals "should be used most sparingly to deter only the most egregious conduct." (*Id.* at p. 651.)

Given the strict standard for imposing sanctions and the Hedmans' status as plaintiffs in propria persona and appellants, we decline to impose sanctions here.  While courts have imposed sanctions on appellants who prosecuted appeals in propria persona, those appellants were either attorneys, had legal backgrounds, or prosecuted the appeal for an obvious improper purpose.  (Cf. *Banks v. Dominican College* (1995) 35 Cal.App.4th 1545, 1558-1559; *Bach v. County of Butte* (1989) 215 Cal.App.3d 294, 310-313; *In re Marriage of Stich* (1985) 169 Cal.App.3d 64, 75-78.)  There is no indication in the record that either Hedman has any legal background or that they do not in good faith believe the merits of their case.  "We do not believe it is appropriate to hold a propria persona appellant to the standard of what a 'reasonable attorney' should know is frivolous unless and until that appellant becomes a persistent litigant." (*Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98.)

Although we decline to impose sanctions in this particular case, we caution the Hedmans that their continued filing of late and duplicative motions and requests that do not address matters actually at issue on appeal is completely inappropriate and unacceptable.  At one point, the Hedmans submitted for filing eight such motions and requests on a single day; all were rejected or denied.  Such conduct borders on abuse of the judicial process and wastes scarce judicial resources.  The Hedmans' effort would have better been spent preparing and filing opposition to Nationstar's motion for sanctions, for which the Hedmans had requested and received an extension of time.  The Hedmans should consider themselves on notice that we will seriously consider imposing sanctions should they continue on their present course of abusing the process.

8

## DISPOSITION

The judgments are affirmed.  Defendants Nationstar and CMG shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


_____/s/_____
Duarte, J.


We concur:


_____/s/_____
Robie, Acting P. J.


_____/s/_____
Mauro, J.