Filed 11/23/21  P. v. McKnight CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LAMAR McKNIGHT,<br><br>    Defendant and Appellant. | B311474<br><br>(Los Angeles County<br>Super. Ct. No. BA388294) |

THE COURT:

A jury convicted defendant and appellant Lamar McKnight of murder (Pen. Code, § 187, subd. (a); count 1) and attempted murder (Pen. Code, §§ 664 & 187, subd. (a); count 2).  Special circumstances (Pen. Code, §§ 190.2, subd. (a)(22), 12022.53, subds. (b), (c), (d), & (e)(1)) were also found true.  He was sentenced to life imprisonment without parole, plus 25 years to life pursuant to Penal Code section 12022.53, subdivisions (d) and (e)(1), on count 1 and to a consecutive term of life plus 20 years pursuant to Penal Code section 12022.53, subdivisions (c) and (e)(1) on count 2.  He was also

ordered to pay a parole revocation fine and a victim restitution fine. Defendant appealed his conviction, and we affirmed the judgment, but remanded the matter for a hearing on the amount of restitution. (*People v. Houston* (May 15, 2018), B267503 [nonpub. opn.], at p. 46.) In affirming, we agreed with defendant that the trial court erroneously instructed the jury that it could find defendant guilty of murder pursuant to the natural and probable consequences doctrine. (*Id.* at p. 39.) However, we found that error to be harmless, concluding "beyond a reasonable doubt that the jury convicted [defendant] on a direct aiding and abetting theory." (*Id.* at p. 40.) Regarding restitution, we reversed the restitution fines and remanded the matter for a hearing. (*Id.* at p. 46.)

On November 12, 2019, defendant filed a petition for resentencing pursuant to Penal Code section 1170.95, subdivision (a). He alleged that an information had been filed against him "that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine;" he was convicted of first degree murder under one of those theories; and he could not now be convicted due to changes to Penal Code sections 188 and 189 because he was not the actual killer, did not aid or abet the actual killer, and was not a major participant or act with reckless indifference to human life.

The trial court granted defendant's request for the appointment of counsel, who filed a supplemental petition on October 5, 2020, clarifying that defendant's murder conviction should be vacated because the trial court gave conspiracy instructions that allowed the jury to find defendant guilty of murder under the natural and probable consequences doctrine.

On March 3, 2021, the trial court denied defendant's petition. It found that he was not eligible for resentencing relief based upon our opinion in *People v. Houston* and the jury's true finding on the gang special circumstance (Pen. Code, § 190.2, subd. (a)(22)), which required intent to kill.

Defendant filed a timely notice of appeal.

Appointed counsel filed a brief raising no issues and asking this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.

Where appointed counsel finds no arguable issues in an appeal seeking postjudgment relief, the appellate court is not required to conduct an independent review for arguable issues. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; see *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, we do review any contentions or arguments made if the defendant files his or her own supplemental brief or letter. (*People v. Cole*, *supra*, at p. 1039.)

Defendant was notified of his counsel's brief and given leave to file his own brief or letter setting forth any grounds for appeal, contentions, or arguments he might wish to have considered. On September 10, 2021, defendant filed a letter brief, asking that we reconsider that portion of the judgment compelling the victim restitution fine.

Defendant offers us no basis to reverse the trial court's order denying his petition for resentencing. His letter brief focuses entirely upon the propriety of the victim restitution fine,[1] which is not within the scope of defendant's appeal. (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from'"].)

Because neither defendant nor appellate counsel identified an issue warranting reversal, we dismiss the appeal as abandoned. (*People v. Cole*, *supra*, 52 Cal.App.5th at p. 1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1135, review granted, Mar. 17, 2021, S266853; *People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; but see *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a brief pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 in an appeal from a summary denial of a Penal Code section 1170.95 petition, a Court of Appeal is not required to independently review the entire record, but it can and should do so in the interests of justice]; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 [same]; *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [same].)

---

[1] It is unclear whether defendant is challenging the original restitution fines, which we reversed and remanded to the trial court, or a new order concerning restitution fines. No party has informed us if the hearing after remand has occurred.

4

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

_____

LUI, P. J.        ASHMANN-GERST, J.        CHAVEZ, J.