Filed 6/15/22  Cerda v. Cerda CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DAVID CERDA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT DAVID CERDA,<br><br>    Defendant and Appellant. | B312150<br><br>(Los Angeles County<br>Super. Ct. No. 20AVRO01334) |

APPEAL from an order of the Superior Court of Los Angeles County, Stephen T. Morgan, Judge.  Affirmed.

Robert Cerda, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \*

Defendant and appellant Robert David Cerda[1] appeals from a domestic violence restraining order (DVRO) issued against him for the protection of David Cerda, Patty Cerda, and Grace after a contested hearing.  We affirm the order.

## BACKGROUND

David is Robert's father.  Patty is David's wife.  Grace is Robert's minor daughter.

In 2013, Robert was granted joint legal custody of Grace with Grace's mother, Sally Talavera, in family law case No. MF006143.[2]  The April 11, 2013 custody order gave Talavera physical custody of Grace.  Talavera subsequently relinquished physical custody of Grace to David and Patty, who were appointed as Grace's legal guardians in 2015 in Los Angeles Superior Court case No. BP157995.

In 2015, David and Patty obtained a five-year restraining order against Robert that expired in May 2020.  David filed a petition for the DVRO that is the subject of this appeal in November 2020.

At the February 5, 2021 and March 15, 2021 hearing on David's DVRO petition, David, Patty, and Robert testified about incidents described in David's declaration in support of the

---

[1]  Because the parties share the same surname, we refer to them by their first names to avoid confusion.

[2]  We granted Robert's request for judicial notice of the custody order issued in that 2013 case.  The custody order gives Robert joint legal custody of Grace with Grace's mother, Talavera.  The order gives physical custody of Grace to Talavera only.

petition.[3]  David testified that on September 28, 2020 and again a few days later, Robert appeared at David's home, unannounced and uninvited.  On both occasions, Robert had driven to the home in a car that he claimed was borrowed.  David noted the make and model of the car and took a photo of the car's license plate with his phone.  During the second visit, Robert became verbally abusive to Patty and David asked Robert to leave.  David then called the sheriff's department and learned that the car Robert had been driving was a stolen vehicle.  The following weekend, David was driving his own car and noticed Robert following him in the same stolen vehicle.  Robert began tailgating David's car, and David called 911 to report the incident.

October 22, 2020, David invited Robert to visit with Grace at Robert's paternal grandmother's home.  During the visit, David refused Robert's request to take Grace alone on a hike.  At the paternal grandmother's suggestion, Robert, David, Grace, and the paternal grandmother went for a walk around the block instead.  Robert took Grace by the hand and walked away from the group at a very fast pace, disregarding David's pleas to slow down and wait for them.  Robert's behavior made David worried and concerned because Robert on previous occasions had attempted to abscond with Grace.

On November 6, 2020, Robert became angry with David and verbally threatened him while they were outside a church attending a funeral service for a family member.  Patty witnessed the altercation.  The following day, David discovered that the rear tires on his car had both been punctured.

---

[3]     David's petition and accompanying declaration are not included in the record on appeal.

Robert denied the incidents recounted by David and Patty. He cited the 2013 family law order granting him joint legal custody of Grace and accused David of wrongfully denying him access to Grace. David explained that the family law case predated his legal guardianship over Grace and that Robert had lost custody of Grace in the previous family law case.

At the conclusion of the March 15, 2021 hearing, the trial court issued a five-year restraining order against Robert prohibiting him from harassing, attacking, striking, threatening, assaulting, stalking, molesting, or otherwise disturbing the peace of David, Patty, and Grace. This appeal followed.

## DISCUSSION

Robert devotes much of his appellate brief to challenging the sufficiency of the evidence supporting the order appointing David and Patty as Grace's legal guardians. That order is not the subject of this appeal, and we have no jurisdiction over it. (See *Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504; *Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073.) Robert does not challenge the sufficiency of the evidence supporting the DVRO that is the subject of this appeal.

Robert's sole basis for challenging the DVRO at issue is the trial court's alleged abuse of discretion in failing to consider the April 11, 2013 custody order issued in his previous family law case, Los Angeles Superior Court case No. MF006143, granting physical custody of Grace to Talavera and granting him and Talavera joint legal custody. The record shows, however, that the trial court was aware of the 2013 custody order and that it predated the 2015 order appointing David and Patty as Grace's

4

legal guardians.  The record discloses no abuse of discretion, and we therefore affirm the DVRO.

_____

CHAVEZ, J.

We concur:

_____

ASHMANN-GERST, Acting P. J.


_____

HOFFSTADT, J.