Filed 2/23/24  Rutkowski-Cesaire v. City of Santa Ana CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ANTHONY RUTKOWSKI-CESAIRE, | |
| Plaintiff and Appellant, | G061729 |
| v. | (Super. Ct. No. 30-2020-01140956) |
| CITY OF SANTA ANA et al., | O P I N I O N |
| Defendants and Respondents. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald L. Bauer, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Dismissed.

DRE, A.P.C., Darren M. Richie and Antonio Castillo III for Plaintiff and Appellant.

Kyle C. Nellesen and Jonathan T. Martinez for Defendant and Respondent City of Santa Ana.

## INTRODUCTION

Anthony Rutkowski-Cesaire (appellant) appeals from a judgment in favor of the City of Santa Ana (City) and other defendants. In his notice of appeal, however, he identifies a different judgment as the one from which he appeals, a judgment amended merely to award costs. Any appeal from the original judgment would now be untimely. We must therefore dismiss the appeal.

## FACTS

Appellant sued the City, Santa Ana City Jail, Santa Ana Police Department, Officer Crippen, Sergeant Franks, Sergeant Monreal, and Santa Ana Sheriff's Department, asserting that he had been injured during an in-custody transfer from federal court in Los Angeles to the Santa Ana jail. After a two-day bench trial in April 2022, the court took the matter under submission. On May 6, 2022, the court issued a minute order dismissing all the defendants except the City and Officer Crippen. It rendered judgment in favor of these two defendants. Formal judgment was entered on June 24, 2022. After the City filed a memorandum of costs in the amount of $5,688, the court entered an amended judgment on August 16, 2022, for these costs. Appellant's notice of appeal, filed on August 24, 2022, specifies the August amended judgment as the judgment from which he appeals.[1]

## DISCUSSION

Under California Rules of Court[2], rule 8.104(a)(1), an appellant has a limited period within which to file a notice of appeal from a judgment or appealable order.[3] An appellate court does not have jurisdiction to hear an appeal filed after the deadline has passed. (*Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th

---

[1] Appellant's notice of appeal actually states that he is appealing from a judgment of August 16, *2021*.

[2] City's assertion that rule 8.406(a)(1) applies to this appeal is incorrect. This rule applies to juvenile appeals and writs. In addition, the court entered a formal judgment on June 24, 2022, so the time to appeal ran from that date, not from the minute order of May 6, 2022, explaining the court's decision.

[3] All further rule references are to the California Rules of Court.

579, 582.) The notice of appeal must be filed no later than 180 days after entry of judgment, unless the shorter periods of rule 8.104(a)(1) or rule 8.104(a)(2) apply, or the time is extended under rule 8.108. As nothing in the record indicates that a notice of entry was ever served in this case and rule 8.108 does not apply here, the 180-day deadline for filing of the notice of appeal obtains. The time to appeal from the June judgment ran out in late December 2022.

In addition to a timely filing, a notice of appeal must correctly specify the order or judgment appealed from. "'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.]" (*Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073.) In this case, judgment in defendants' favor was entered on June 24, 2022. An amended judgment, adding only costs, was entered on August 16, 2022. Appellant does not argue in his opening brief that the court made any error regarding costs.[4] His appeal addresses only the basis of the original judgment entered in June.

It is well established that modifying a judgment to award costs or attorney fees does not disturb the original judgment or extend the time to appeal from that judgment. (*Hjelm v. Prometheus Real Estate Group, Inc.* (2016) 3 Cal.App.5th 1155, 1163-1164.) A party may separately appeal from an amended judgment awarding costs or attorney fees if it disputes the basis for that award. (See *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1081 [postjudgment award of costs separately appealable].) But an appeal from the original judgment must identify that judgment in the notice of appeal. When a notice of appeal specifically describes the judgment appealed from, as it does in this case, it cannot be construed to constitute an appeal from a different ruling. (See *Glassco v. El Sereno Country Club, Inc.* (1932) 217 Cal. 90, 92.)

---

[4] Appellant did not file a reply brief.

We therefore do not have jurisdiction to hear an appeal from the judgment of June 24, 2022.  The appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.  Respondents are to recover their costs on appeal.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.