Filed 1/24/25  Marriage of Harper and Brown CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of ALETHEA HARPER and CHRISTOPHER BROWN. | |
| ALETHEA HARPER,<br><br>      Respondent,<br><br>v.<br><br>CHRISTOPHER BROWN,<br><br>      Appellant. | A169459<br><br>(Alameda County<br>Super. Ct. No. HF19017560) |

**MEMORANDUM OPINION**[1]

Christopher Brown appeals a verbal order the Alameda Superior Court made during a hearing, reflected in the minutes which direct the preparation of a written order.  Because the record on appeal does not include the written order and the minute order itself is not appealable, we dismiss the appeal.

*The Relevant Proceeding*

In January 2022 the court entered a judgment dissolving Alethea Harper and Christopher Brown's marriage.  In May and June 2023

---

[1] Cal. Stds. Jud. Admin., § 8.1; Ct. App., First Dist., Local Rules of Ct., rule 19.

1

Christopher filed postjudgment requests for order which, after some rescheduling, the court heard on September 28, 2023.[2] Concluding the hearing, the court ordered Alethea's counsel to prepare a findings and order after hearing (see Judicial Council Forms, form FL-340), which the amended minute order reflects. The amended minute order does not reflect the court's additional order that if the parties disagreed on what the findings and order after hearing should say they should submit alternatives to the court in October. The court then calendared a return date in February 2024 (rescheduled later), partially "in case something [from] this Request For Order [still] needs to be ruled upon." The record on appeal does not include a findings and order after hearing for the proceeding on September 28, 2023.

*The Appealed Order*

Christopher's notice of appeal identifies as the appealed order a judgment after court trial entered on November 8, 2023. Attached to the notice of appeal is a notice of entry of order filed on November 8, 2023, that says, "On 11/7/2023, the Court entered an order in this action. A copy of the order is attached to the service copy of this Notice (but not to the filed copy)." Though Alethea claims Christopher "failed to include the November 7, 2023 order anywhere in the designated record," the record on appeal does include an order filed on that date: a calendar notice rescheduling the February 2024 return date (not a judgment).

Meanwhile, Christopher's opening brief, citing page 321 of the clerk's transcript, says, "At issues [*sic*] is the Nov 8, 2023 Court's order that 'Father (Brown) may not speak with stepfather.' " Page 321 of the clerk's transcript is page 2 of the minute order entered on September 28, 2023, which includes,

_____

[2] We use first names for ease of reference. (See *In re Marriage of Smith* (1990) 225 Cal.App.3d 469, 475–476, fn. 1.)

2

"Father not to speak with stepfather . . . ." The amended minute order entered on October 2, 2023, is consistent. It took some sleuthing, for both Alethea and this court, to ascertain the order Christopher actually intends to appeal: the order made at the hearing on September 28, 2023. Yet we must dismiss the appeal because the amended minute order for that hearing is not appealable.

<em>Discussion</em>

We independently review questions of our own jurisdiction. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 267.) "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) A superior court's order is appealable when a statute makes it so. (*Ibid.*; see Code Civ. Proc., §§ 901, 904, 904.1; Fam. Code, § 210.) Consequently, an appeal of an order that is not appealable must be dismissed. (*In re Marriage of Deal* (2022) 80 Cal.App.5th 71, 77–78.)

It is the notice of appeal that defines the scope of the appeal by identifying the order being appealed. (Cal. Rules of Court, rule 8.100(a)(2); *In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 617–618, fn. 6; *Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073.) "Care must be taken in drafting the notice of appeal" because a reviewing court generally "[does not have] jurisdiction over an order not mentioned in the notice of appeal." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170.) Here, dismissal is mandatory on this basis alone because the calendar notice identified in Christopher's notice of appeal is not an appealable order; nor does the statement of appealability in Christopher's opening brief identify a statute that makes it so. (Cal. Rules of Court, rule 8.204(a)(2)(B).)

3

Even liberally construing the notice of appeal to include the amended minute order entered on October 2, 2023 (Cal. Rules of Court, rule 8.100(a)(2); *K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 882–883), dismissal is still mandatory because the amended minute order is also not an appealable order: "[If] the order entered in the minutes directs that a written order be prepared, signed and filed, the appeal does not lie from the minute order but from the written order. (*Herrscher v. Herrscher* (1953) 41 Cal.2d 300, 304–306 [citation]; [citations].)" (*Wright v. Groom Trucking Co.* (1962) 206 Cal.App.2d 485, 488; accord, *In re Marriage of Wood* (1983) 141 Cal.App.3d 671, 677; *Estate of Sapp* (2019) 36 Cal.App.5th 86, 101; *Luo v. Volokh* (2024) 102 Cal.App.5th 1312, 1326.) "Our review of the record discloses no formal order" for the hearing on September 28, 2023 (see p. 2, *ante*), "and the parties have not directed our attention to any formal order [in the record]. [¶] Accordingly, there is no order for us to review . . . ." (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 457–458.)[3] "And without an appealable order, we must dismiss the appeal." (*In re Marriage of Deal, supra,* 80 Cal.App.5th at p. 79.)[4]

---

[3] At oral argument Christopher ascribed this omission to a "clerical error." Whatever the cause, it was his burden as the appellant to provide an adequate record to review his claims of error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 & fn. 11; *In re Marriage of Deal, supra,* 45 Cal.App.5th at p. 622; see Cal. Rules of Court, rule 8.155 [record correction and augmentation].) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Jameson v. Desta,* at p. 609.)

[4] Christopher "is not exempt from the foregoing rules because he is representing himself . . . ." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) A litigant who appears in propria persona "is entitled to the same, but no greater, consideration than other litigants and attorneys" and "is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v.*

## DISPOSITION

The appeal is dismissed.  Alethea is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)–(2).)

Jackson, P. J.

WE CONCUR:

Burns, J.
Chou, J.

A169459/*Alethea Harper v. Christopher Brown*

---

*Gaunt* (1981) 125 Cal.App.3d 623, 638–639; accord, *Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)