Filed 2/26/25

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JOSE A. PARRA RODGRIGUEZ,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PACKERS SANITATION SERVICES LTD., LLC,<br><br>    Defendant and Appellant. | D083400<br><br><br>(Super. Ct. No. ECU002252) |

APPEAL from an order of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Fisher & Phillips, Adam F. Sloustcher, Megan E. Walker, Philip G. Simpler and Julia A. Sherwood for Defendant and Appellant.

Sullivan & Yaeckel Law Group, William B. Sullivan, Eric K. Yaeckel and Ryan T. Kuhn for Plaintiff and Respondent.


INTRODUCTION

Packers Sanitation Services Ltd., LLC (Packers) appeals an order denying its motion to compel arbitration of an action under the Labor Code

Private Attorneys General Act of 2004 (PAGA) (Lab. Code,[1] § 2698 et seq.) brought by Jose A. Parra Rodriguez (Parra). Packers contends the trial court erred by failing to compel Parra to arbitrate the individual component of his PAGA claims. Parra responds that he has forgone individual relief and his PAGA claims lack an individual component. We affirm.

BACKGROUND

Packers is a food safety solutions company that employed Parra in California from April 2019 to July 2021. In February 2022, Parra—acting "in a Representative Capacity only"—filed a complaint against Packers for civil penalties under PAGA based on violations of the Labor Code and California Code of Regulations, including provisions dealing with overtime and meal and rest period requirements. Parra alleged Packers committed these violations against Parra "and all other aggrieved employees."

In March 2022, Packers moved to compel arbitration based on an agreement Parra assertedly signed shortly after he was hired. The agreement stated, in part, "I and the Company agree to utilize binding individual arbitration as the sole and exclusive means to resolve all disputes that may arise out of or be related in any way to my employment . . . . I and the Company each specifically waive and relinquish our respective rights to bring a claim against the other in a court of law and to have a trial by jury." It also stated, "I agree that any claims brought under this binding arbitration Agreement shall be brought in the individual capacity of myself or the Company." The agreement created exceptions to binding arbitration for "claims arising under the National Labor Relations Act which are brought before the National Labor Relations Board, claims for medical and disability

---

[1] Further undesignated statutory references are to the Labor Code.

benefits under the California Workers' Compensation Act, Employment Development Department claims, or *other claims that are not subject to arbitration under current law*." (Italics added.) It also specified that Packers' business involved interstate commerce such that the Federal Arbitration Act (FAA) applied.

Packers filed its motion before the United States Supreme Court decided *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*). Apparently anticipating that *Viking River* would require wholesale enforcement of contractual waivers of the right to assert representative claims, Packers argued the action had to be dismissed because it was a "PAGA claim[ ]" and in the arbitration agreement Parra had waived his right to assert "representative claims, including under PAGA." As an alternative to dismissal, Packers asked the trial court to stay the action pending a decision in *Viking River*.

Parra raised several arguments in opposition: He did not remember signing the arbitration agreement. To the extent he was found to have agreed to individual arbitration, his PAGA action lacked an individual component. And last, his PAGA claims fell within the agreement's exception for claims not subject to arbitration "under current law," because at the time the parties entered the agreement, *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348 (*Iskanian*) held PAGA claims were not subject to arbitration.

In its reply, which was filed after *Viking River* was decided, Packers disputed Parra's interpretation of "current law." It also argued that under *Viking River* Parra's "individual PAGA claim" had to be compelled to arbitration and "any remaining non-individual PAGA claims" had to be

3

dismissed.  Packers, however, did not address Parra's assertion that his PAGA claims had no individual component.

The trial court held an evidentiary hearing during which the parties presented conflicting evidence on the genuineness of the electronic signature on the arbitration agreement.  After the hearing, the court denied the motion in a tentative ruling and an amended statement of decision.  Although it found Parra electronically signed the agreement, it interpreted "current law" to mean the law as it stood in 2019, when the parties entered the agreement. The court reasoned that in 2019, PAGA claims "whether individual or representative" were not subject to arbitration under *Iskanian, supra*, 59 Cal.4th 348.[2]  It concluded the parties therefore had not "agreed to arbitrate PAGA claims at all."  (Italics omitted.)  It then issued a minute order stating it "enter[ed] judgment" in favor of Parra and the "petition [to compel arbitration] is denied."

---

[2]     *Iskanian* held that an employee's right to bring a PAGA action was "unwaivable" and that the rule against PAGA waivers was not preempted by the FAA.  (*Iskanian, supra*, 59 Cal.4th at pp. 383, 384.)  *Iskanian* also rejected the employer's argument that a PAGA waiver could be upheld if it only waived the employee's right to bring a PAGA claim on behalf of others while preserving the employee's right to bring such a claim on his own behalf. (*Iskanian*, at pp. 383–384.)  "Appellate courts interpreted this aspect of *Iskanian* 'as prohibiting splitting PAGA claims into individual and nonindividual components to permit arbitration of the individual claims.' " (*Nickson v. Shemran, Inc.* (2023) 90 Cal.App.5th 121, 128 (*Nickson*).)  "Based on *Iskanian*, California courts refused to enforce predispute agreements to arbitrate PAGA claims."  (*Ibid.*)  In *Viking River*, the United States Supreme Court declared that the FAA preempted "*Iskanian*'s rule that PAGA actions cannot be divided into individual and non-individual claims."  (*Viking River, supra*, 596 U.S. at p. 642.)

4

DISCUSSION

Packers contends the trial court erred because it incorrectly equated "current law" with *Iskanian*'s rule against splitting PAGA claims into their individual and non-individual components. It argues that *Viking River* held the *Iskanian* anti-splitting rule was preempted by the FAA, and preemption holdings are retroactive. In Packers' view, *Viking River* simply announced how the FAA has always operated, such that its holding should be considered "current law" in 2019, when the parties entered their agreement. Packers argues that the arbitration agreement therefore requires arbitration of Parra's individual PAGA claim. It asks us to reverse the denial of its motion and remand with instructions to compel arbitration of Parra's individual PAGA claim and to stay his non-individual claims pending arbitration.

Parra responds that Packers' interpretation of "current law" is incorrect because the phrase is ambiguous and the ambiguity should be construed against the drafter (i.e. Packers). He also contends Packers' characterization of his complaint is incorrect. Specifically, Packers describes Parra's complaint as alleging causes of action under PAGA " '*individually* and on behalf of all others similarly situated.' " (Italics added.) But Parra asserts this mischaracterizes his complaint and he has not brought any individual PAGA claims. He cites *Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533, 536 (*Balderas*), in which the Court of Appeal held that a plaintiff may forgo individual relief and "bring a 'non-individual' or representative PAGA action on behalf of [himself] and other . . . employees" only. Parra states this is "exactly what [he] has done in this action." He argues we should therefore affirm because his PAGA claims lack an individual component to compel to arbitration.

5

In reply, Packers disputes Parra's claim that his complaint does not assert individual PAGA claims. Although the complaint describes Parra as acting "in a Representative Capacity <u>only</u> and on behalf of other members of the public similarly situated," Packers argues this language "alone" does not mean Parra's PAGA claims lack an individual component. It also observes that the complaint alleges that Parra's claims are "on behalf of all current and former aggrieved employees of [Packers]," includes Parra as an aggrieved employee, and states that Parra "brings this action on the grounds that he and other current and former aggrieved employees of [Packers] were and are improperly denied the mandated wages resulting from [alleged Labor Code] violations." Finally, Packers argues that *Balderas* was wrongly decided.

We will affirm the order on the ground that Parra is not asserting individual PAGA claims in this case, and the trial court therefore could not have erred by failing to compel such claims to arbitration.

An individual PAGA claim is the component of a PAGA claim that seeks civil penalties based on Labor Code violations sustained by the plaintiff. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1119 (*Adolph*); *Gregg v. Uber Technologies, Inc.* (2023) 89 Cal.App.5th 786, 792.) A non-individual PAGA claim is the component of a PAGA claim that seeks civil penalties based on Labor Code violations sustained by current and former employees other than the plaintiff. (*Adolph*, at p. 1119; *Gregg*, at p. 792.)

In a part of the *Viking River* decision that has been characterized as "dicta" (see, e.g., *Mills v. Facility Solutions Group* (2022) 84 Cal.App.5th 1035, 1064; *Nickson, supra,* 90 Cal.App.5th at p. 133, fn. 10), the Supreme Court stated that when an individual PAGA claim is compelled to arbitration, the non-individual PAGA claims that remain should be dismissed for lack of

6

statutory standing.  (*Viking River*, *supra*, 596 U.S. at pp. 662–663.)  In *Adolph*, the California Supreme Court, which has the last word on interpretation of state law standing, disagreed.  The *Adolph* court held that an employee who has been compelled to arbitrate individual PAGA claims maintains statutory standing to pursue non-individual PAGA claims in court.  (*Adolph*, *supra*, 14 Cal.5th at p. 1114.)  Our high court explained that PAGA standing has two requirements:  the "plaintiff must be an 'aggrieved employee'—that is, (1) 'someone "who was employed by the alleged violator" ' and (2) ' "against whom one or more of the alleged violations was committed." ' "  (*Ibid*.)  When a plaintiff brings an action asserting individual and non-individual PAGA claims, "an order compelling arbitration of the individual claims does not strip the plaintiff of standing as an aggrieved employee to litigate claims on behalf of other employees under PAGA."  (*Ibid*.)  This is because "[a]rbitrating a PAGA plaintiff's individual claim does not nullify the fact of the violation or extinguish the plaintiff's status as an aggrieved employee."  (*Id*. at p. 1121.)

   *Balderas* took the implications of *Adolph* a step further.  In *Balderas*, the plaintiff filed a complaint for civil penalties under PAGA in which she did not seek PAGA relief for herself.  (*Balderas*, *supra*, 101 Cal.App.5th at p. 536.)  She alleged, " '[Plaintiff] is not suing in her individual capacity; she is proceeding herein solely under the PAGA, on behalf of the State of California for all aggrieved employees, including herself and other aggrieved employees.' "  (*Ibid*.)  After the employer filed a motion to compel arbitration, the trial court, acting on its own motion and relying on *Viking River*, issued an order striking the complaint on the ground the plaintiff's failure to bring an individual action seeking PAGA relief for herself meant she "lacked standing to pursue a 'non-individual' or representative PAGA action on

7

behalf of other employees." (*Balderas*, at pp. 536, 538.) The Court of Appeal reversed. It explained that under *Adolph*, there are only two standing requirements, and the plaintiff met them by alleging "she (1) was an 'aggrieved' employee of [defendant], and (2) was subject to one or more . . . violations." (*Balderas*, at p. 539.) It rejected the defendant's argument that more was required, reasoning that in *Adolph* our high court "declined 'to impose additional requirements not found in the statute' " since " '[a] narrower construction of PAGA standing would "thwart the Legislature's clear intent to deputize employees to pursue sanctions on the state's behalf." ' " (*Balderas*, at p. 539, quoting *Adolph*, *supra*, 14 Cal.5th at pp. 1120, 1122.)

Turning back to this case, the parties have raised two disputes about the scope of Parra's PAGA claims. The first relates to whether we should accept Parra's representation that he has forgone individual PAGA relief and there is no individual PAGA claim in his complaint that can be compelled to arbitration.

Although the complaint is not a model of clarity, for several reasons we are persuaded that Parra is not seeking individual PAGA relief in this case. First, while Packers is correct that Parra includes himself as an aggrieved employee in at least one paragraph of the complaint, under *Adolph* he is required to allege that he is an aggrieved employee in order to meet the standing requirements for PAGA non-individual claims. (*Adolph*, *supra*, 14 Cal.5th at p. 1114.) Similarly, while Parra also alleges that "he and other current and former aggrieved employees . . . were and are improperly denied the mandated wages resulting from the above-referenced violations," being denied the wages that are mandated by the Labor Code or associated regulations is part of what makes an employee aggrieved by a particular

8

wage violation. These allegations do not persuade us that Parra has brought an individual PAGA claim.

Next, other aspects of the complaint are consistent with Parra's position that he has not asserted an individual PAGA claim. The complaint only asserts claims under PAGA and it appears to have been drafted with the goal of carving out the claims' individual components. The words "individual" and "individually" have been omitted from the complaint's caption so that the resulting text states, somewhat awkwardly, "JOSE A. PARRA RODRIGUEZ, in a Representative Capacity <u>only</u> and on behalf of other members of the public similarly situated." Within the body of the complaint, Parra does not explicitly seek PAGA civil penalties for the alleged wage and hour violations he personally suffered. Instead, in each of his causes of action he alleges that he seeks an award of statutory civil penalties "for each underpaid employee of [defendant] pursuant to [section 2699, subdivision (a),] for each of these employees."

And to the extent the complaint could have excised the individual component of Parra's PAGA claims with greater clarity, we are not concerned Parra will attempt to rely on it in the future to obtain civil penalties based on violations he personally sustained. Parra has represented to this court that in his complaint he has forgone individual PAGA relief, and we have accepted that representation. As a result, he will be precluded from taking a contrary position in the future. (See 7 Witkin Cal. Proc. (6th ed. 2021), Judgment § 366, p. 860 [judicial estoppel "prevents a party from 'asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding' "].) In addition, our conclusion that the complaint does not assert individual PAGA claims will be law of the case. (See *Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 301 [under the law of the

9

case doctrine " 'the decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case' "].)

The parties' second dispute has to do with whether *Balderas* was wrongly decided. Parra argues that *Balderas* confirms a PAGA plaintiff need not assert an individual PAGA claim. Packers, on the other hand, contends the holding of *Balderas* is at odds with section 2699, subdivision (a).[3] However, this issue is not ripe for our consideration. This appeal arises from an order resolving a motion to compel arbitration, not a demurrer or similar pleadings challenge, as was the case in *Balderas* (which was an appeal of an order on a motion to strike). (See *Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1072–1073 [an appellate court's jurisdiction on appeal " 'is limited in scope to the notice of appeal and the judgment or order appealed from' "].) The only question that is before us is whether the complaint includes claims that are arbitrable. For the reasons we have

---

[3]     When Parra's action was filed, section 2699, subdivision (a), provided: "Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3." (Stats. 2016, ch. 31, § 189.)

Effective July 1, 2024, section 2699 was amended. (Stats. 2024, ch. 44, § 1.) The amendments changed many of the statute's existing subdivisions, including subdivision (a), and added new subdivisions. However, the amendments apply to civil actions brought on or after June 19, 2024. (§ 2699, subd. (v)(1), added by Stats. 2024, ch. 44, § 1.) Since Parra's action was filed in 2022, the 2024 amendments do not apply.

stated, our answer to that question is no. Whether it is permissible for a plaintiff to file a complaint that asserts only non-individual PAGA claims is a different question, one that we do not address because it is not among the issues presented by this appeal.[4]

In reaching this conclusion, we acknowledge the recent decision in *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001 (*Leeper*), in which the Second District held that PAGA actions necessarily include an individual component. Packers has filed a notice of new authority (Cal. Rules of Court, rule 8.254) asserting that *Leeper* is relevant to its arguments. However, we have reviewed *Leeper* and do not find it to be persuasive.

In *Leeper*, as here, the parties disputed whether the plaintiff's complaint included an individual claim that could be compelled to arbitration. The complaint asserted multiple Labor Code violations and, on that basis, alleged a single count under PAGA. (*Leeper*, *supra*, 107 Cal.App.5th at pp. 1005–1006.) The plaintiff alleged she brought her PAGA action " 'on a representative, non-individual basis.' " (*Id.* at p. 1006.) She sought " 'non-individual' " remedies, including " 'non-individual civil penalties.' " (*Ibid.*) She went so far as to assert in her complaint that " '[b]ecause [she] alleges only non-individual PAGA claims . . . [the employer] cannot compel them to arbitrat[ion].' " (*Ibid.*) The employer brought a motion to compel arbitration of the individual portion of the plaintiff's PAGA action. In response, the plaintiff argued she had not alleged any individual claims. The trial court denied the motion on the ground there was no individual cause of action that it could compel to arbitration. (*Ibid.*)

---

4    Packers has not argued that Parra's failure to assert an individual PAGA claim makes his complaint deficiently pled.

11

On appeal, the employer argued the complaint did include such an individual claim because "a necessary component of every PAGA action is an individual PAGA claim." (*Leeper*, *supra*, 107 Cal.App.5th at p. 1008.) The *Leeper* court agreed with the employer. It interpreted section 2699, subdivision (a), to mean that an action under PAGA is one that "has *both* an individual claim component (plaintiff's action on behalf of the plaintiff himself or herself) *and* a representative component (plaintiff's action on behalf of other aggrieved employees)." (*Leeper*, at p. 1009.) It held as a matter of statutory construction that "any PAGA action" therefore "necessarily includes . . . an individual PAGA claim." (*Ibid.*) Based on this reasoning, and without analyzing the plaintiff's complaint, the *Leeper* court concluded the plaintiff's complaint included an individual PAGA claim. (*Id.* at p. 1012.) It reversed the trial court's order with directions to issue a new order "compelling the parties to arbitrate [the plaintiff's] individual PAGA claim and staying litigation of the representative [i.e., non-individual] PAGA claim." (*Id.* at p. 1013.)

We do not believe this logic withstands scrutiny. In essence, *Leeper* decided that (1) under Labor Code section 2699, subdivision (a), an individual PAGA claim is a necessary component of a PAGA action; *therefore*, (2) all PAGA actions, including the complaint under consideration, included an individual PAGA claim. But the second conclusion does not follow from the first. In other words, even if we were to agree with *Leeper*'s interpretation of Labor Code section 2699, subdivision (a)—a question we reserve for another day—just because a PAGA action *must* include an individual PAGA claim does not mean any particular complaint brought under the auspices of PAGA *does* contain one. It means that a PAGA complaint *should* contain an individual PAGA claim, not that it *does*. Plaintiffs commonly file complaints

12

that do not conform to statutory requirements.  For that reason, specific procedural provisions exist to deal with that scenario.  (See, e.g., Code Civ. Proc., § 436, subd. (b) [authorizing trial court to "[s]trike out all or any part of any pleading not drawn or filed in conformity with the laws of this state"].)

Further, *Leeper* ruled that the plaintiff's complaint "necessarily" included an individual PAGA claim and reached this conclusion without considering the allegations of the complaint itself.  We find this problematic as well.  By ruling in this fashion, the *Leeper* court appeared to insert into the plaintiff's complaint a missing claim.  But in our legal system it is the plaintiff, not the court, who is responsible for prosecuting a civil action. (Code Civ. Proc., § 30.)  And the complaint in a civil action "serves to frame and limit the issues."  (*Committee on Children's Television, Inc. v. General Foods Corp.* (1983) 35 Cal.3d 197, 211–212.)  The *Leeper* court overlooked these principles by construing Labor Code section 2699, subdivision (a) as requiring an individual PAGA claim, and not only declaring that the complaint "necessarily" included such a claim but also requiring the plaintiff to arbitrate a claim she had never chosen to assert.

Instead, we are of the view that where, as here, the defendant brings a motion to compel arbitration and the parties dispute whether the complaint includes arbitrable individual PAGA claims, the court should resolve the dispute by examining the complaint.  A motion to compel arbitration "is simply a suit in equity seeking specific performance of a contract." (*Aanderud v. Superior Court* (2017) 13 Cal.App.5th 880, 890.)  On a motion to compel arbitration, the court is required to determine whether the plaintiff has asserted claims that fall within the parties' arbitration agreement. (*Aanderud,* at p. 890; *EFund Capital Partners v. Pless* (2007) 150 Cal.App.4th 1311, 1321; *Buckhorn v. St. Jude Heritage Medical Group* (2004) 121

13

Cal.App.4th 1401, 1406.) And "no dispute may be ordered to arbitration unless it is within the scope of the arbitration agreement." (*Titolo v. Cano* (2007) 157 Cal.App.4th 310, 317.) If the plaintiff's complaint asserts no individual PAGA claim, there is no existing dispute over his or her right to obtain an individual PAGA remedy, and he or she cannot properly be ordered to arbitrate such a claim. Therefore, if on a motion to compel arbitration the court examines the complaint and determines it does not allege an individual PAGA claim, the court should decline to compel any such claim to arbitration.

However, the plaintiff's failure to assert an individual PAGA claim may mean the complaint fails to comply with section 2699, subdivision (a). This is a potential pleading deficiency the defendant may raise in an appropriate pleading challenge. If the defendant files a motion raising such a challenge and the court grants it with leave to amend, the plaintiff will then have the opportunity to decide for himself or herself whether to cure the asserted deficiency by adding an individual PAGA claim.

For these reasons, *Leeper* does not persuade us that the present PAGA action, much less all PAGA actions, include an individual PAGA claim.[5]

---

[5]    We also disagree with other aspects of *Leeper*'s reasoning. For example, *Leeper* distinguished *Balderas* in part by construing as "dicta" its acceptance that PAGA claims are capable of being asserted only on behalf of employees other than the named plaintiff. (*Leeper*, *supra*, 107 Cal.App.5th at p. 1012, citing *Balderas*, *supra*, 101 Cal.App.5th at p. 538.) We disagree with this characterization. "Dicta is a ' "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential (although it may be considered persuasive)." ' " (*Riskin v. Downtown Los Angeles Property Owners Assn.* (2022) 76 Cal.App.5th 438, 446, fn. 6, quoting *People v. Vang* (2011) 52 Cal.4th 1038, 1047, fn. 3.) The *Balderas* court explicitly stated, "we hold that an employee who does not bring an individual claim against her employer may nevertheless bring a PAGA action for herself and other employees of the company." (*Balderas*, at p. 536.) The ability to assert a PAGA claim only on

Further, as we have explained, this is an appeal from an order resolving a motion to compel arbitration, not a motion challenging the sufficiency of the complaint. The relevant question for our purposes is whether Parra's complaint does assert an individual PAGA claim, not whether it *should* include such a claim. As a result, the parties' dispute over the propriety of bringing a PAGA action that asserts only non-individual PAGA claims is not ripe for our consideration.

---

behalf of employees other than the named plaintiff is necessary to this holding and cannot fairly be construed as dicta.

We also question *Leeper*'s interpretation of Labor Code section 2699, subdivision (a). *Leeper* determined this provision requires the named plaintiff to assert an individual PAGA claim largely by interpreting the word "and" to be conjunctive. From this, it reasoned that the assertion of both individual and "representative" (that is, non-individual) PAGA claims is mandatory. (See *Leeper*, *supra*, 107 Cal.App.5th at pp. 1008–1010.) We think this reads far too much into the word "and" while ignoring other terms of significance, such as the statutory phrases "civil action" and "on behalf of." (See Code Civ. Proc., § 30 ["A civil action is prosecuted by one party against another for the declaration, enforcement *or* protection of a right, *or* the redress *or* prevention of a wrong" (italics added)]; Black's Law Dict. (12th ed. 2024) p. 189, col. 1 ["*on behalf of* means 'in the name of, on the part of, as the agent or representative of'"].) And to the extent the *Leeper* court consulted the legislative history of this provision, it focused on the history relevant to the word "and." (*Leeper*, at p. 1010.) It did not consider the legislative purpose of Labor Code section 2699, which was "'to augment the limited enforcement capability of the [LWDA] by empowering employees to enforce the Labor Code as representatives of the Agency.'" (*Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 86.) We also note that *Leeper* interpreted the newly amended version of Labor Code section 2699, subdivision (a) (see *Leeper*, at p. 1008, fn. 9 [quoting Lab. Code, § 2699, subd. (a), as amended by Stats. 2024, ch. 44, § 1]), whereas in this case the original version applies (see fn. 3, *ante*).

DISPOSITION

The order denying Packers' motion to compel arbitration is affirmed. Parra is entitled to recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1).)


                                                              DO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.

16